## S. J. CLARKE PUB CO v MANN

Ohio Appeals, 5th Dist, Starke Co

Decided October 22, 1931

W. A. Summit, Canton, for plaintiff in error.

Black, McCuskey, Ruff & Souers and A. B. Arbaugh, Canton, for defendant in error.

SHERICK, PJ

We believe it to be well settled in this state that fraud or misrepresentation, going to the inducement of a contract, may always be shown under a proper pleading. Now in the case at bar we find this defense to have been well pleaded, and for that reason the demurrer was properly overruled. Testimony going to prove such a defense is not offered for the purpose of changing the terms of the written contract, but goes to the inducement which caused the opposite party to enter into the contract. We deem that the recitation of any authorities in support of this view is not necessary.

Coming now to the more serious errors complained of, we are advised from the record that the contract in question was offered in evidence during the testimony of the defendant, he having been called by the plaintiff for the purpose of cross-examination. It appears from his testimony that he admitted the execution of the contract and all matters necessary to establish a right of recovery in the plaintiff. Thereupon the plaintiff rested, and the defendant, to maintain the issues made by his second defense, testified to the inducements and promises made to him by the agent of the plaintiff, who procured his signature to the contract in question. From this testi-

mony it is plain and clear that the promises and understanding between the plaintiff's agent and the defendant induced the defendant to enter into the contract of purchase of these books. The books themselves were then offered in evidence to show that the defendant's picture and biography were not contained therein.

This represents all the testimony offered by either party on the issues joined in this cause, and at the conclusion of all the testimony the plaintiff moved for an instructed verdict, and immediately thereafter, and while the first motion was before the court, the defendant also moved for an instructed verdict. And it appears that immediately thereafter the court remarked: "I will sustain the motion for the defendant. Prepare a verdict in favor of the defendant. Ladies and Gentlemen of the Jury: There will be a directed verdict in favor of the defendant. You may sign it."

To this action of the court the plaintiff excepted, and immediately thereafter the court, addressing counsel for plaintiff, stated: "Now, do you want a ruling on your motion?"

To this the plaintiff's counsel answered "Yes," and the court, in reply thereto, stated: "All right: motion for plaintiff overruled, with exceptions."

The record shows no further exceptions or requests, and the trial seems at that point to have come to a complete close.

The plaintiff in error contends that the court erred in sustaining the motion of the defendant, and that he should have sustained the motion of the plaintiff. That the court did not submit the issues to the jury is not complained of.

We believe that the questions raised in this suit are directly answered in the case of First Nat'l Bank v Hayes & Sons, 64 Oh St 100, 59 N. E. 893. In that case the Supreme Court, in the first proposition of the syllabus, lays down a rule which does not seem to have been deviated from under this particular state of facts in any later determination of that court. The syllabus referred to reads as follows:

"Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury; and, where the party whose request is denied does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence."

The court, on page 103 of 64 Oh St, 59 N.

E. 893, in discussing the matter before it said:

"The question, then, presented by the record is, not whether there was any evidence to support the plaintiff's claim, but whether, upon the evidence adduced, the finding should have been for the defendant. And the question must be determined as if the case had been submitted to the jury upon the issues joined, without a direction to return a verdict for the defendant; for it is in fact the finding of the court upon the evidence submitted to it by the act of the parties that is to be reviewed, and not whether there was some evidence tending to support plaintiff's claim."

The failure and omission of the plaintiff, after the court had directed a verdict in favor of the defendant, to request the court to submit the issues in the case to the jury, must be and is in fact a waiver of the plaintiff's right to have the jury pass upon the evidence. The dual motions in this case fully clothe the court with the duties that ordinarily rest in the hands of the jury, and reviewing the evidence in this case we are unable to say that the judgment of the court on the motions, and the verdict of the jury, as instructed, are against the manifest weight of the evidence. In fact, it appears to us that the testimony of the defendant, offered on behalf of himself, fully proves that there was fraud and inducement in the procuring of this contract, and this testimony is not controverted or denied and must therefore stand as true.

It is the view of this court that there is no error, as disclosed by the record in this case, that is prejudicial to the rights of the plaintiff in error, and the judgment will therefore be affirmed.

LEMERT and MONTGOMERY, JJ, concur.